**William Dean PALMER, Petitioner,**

v.

**Robert F. ZAHRADNICK, Supt., Virginia State Penitentiary, Respondent.**

**Civ. A. No. 76–0257.**

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 7, 1976.

Murray J. Janus, Bremner, Byrne, Baber & Janus, Dennis W. Dohnal, Richmond, Va., for petitioner.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

## MEMORANDUM

MERHIGE, District Judge.

Petitioner, a Virginia inmate, brings this action under 28 U.S.C. § 2254 in which he attacks his state court convictions for various drug offenses. The respondent is the Warden at the institution wherein the petitioner is presently confined. Jurisdiction is attained pursuant to 28 U.S.C. § 2241(a). The issues have been briefed by counsel and, as there are no disputed issues of fact, the matter is ripe for disposition on summary judgment. The petitioner's allegation that he is being illegally confined is premised on a number of grounds which will be dealt with seriatim.

■ First, the petitioner contends his conviction was secured through the use of evidence obtained as a result of an illegal search and seizure. The Supreme Court has recently ruled that "[W]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* —— U.S. ——, ——, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976). *Stone v. Powell* is to be applied retroactively. *Fankboner v. Paderick,* 538 F.2d 324 (4th Cir. 1976). The record discloses that the state court denied the petitioner's motion to suppress the evidence after conducting a full hearing. Accordingly, federal habeas corpus relief is to be denied.

■ Petitioner's second contention is that he was denied due process of law by the state court's refusal to order the disclosure of the identity of an unnamed informant. The propriety of not disclosing the identity of an informant is dependent upon whether the informant was an active participant in an offense or a mere tipster who supplied a lead to law enforcement officers. *United States v. Anderson,* 532 F.2d 752 * (4th Cir. 1976); *McLawhorn v. North Carolina,* 484 F.2d 1 (4th Cir. 1973). *See Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The identity of a participant is to be disclosed while a tipster may properly remain anonymous. The informant involved in the instant case allegedly observed the petitioner engage in the manufacturing of methamphetamines approximately one week prior to the date of the offense charged. The informant's statement to the police provided, in part, the basis for obtaining the search warrant whose execution disclosed the evidence upon which the conviction was ultimately based. Under these circumstances, the informant was clearly a "mere tipster 'who supplied a lead to law enforcement officers to be pursued in their investigation of crime.'" *United States v. Anderson,* No. 74–2006, Slip Op. at 3 (4th Cir. Jan. 8, 1976) quoting *McLawhorn v. North Carolina,* 484 F.2d 1, 5 (4th Cir. 1973). Accordingly, there was no constitutional deprivation in denying petitioner's request for the identity of the informant.

■ Finally, the petitioner claims he was denied due process of law by the state court's failure to grant certain pre-trial discovery. The record discloses that the state conducted various scientific tests on the drug seized from the petitioner. The laboratory report of these tests were provided to petitioner's counsel. This laboratory report represents the conclusions drawn from those tests. Petitioner attempted to obtain the test data upon which the laboratory report was based. While disclosure of this information would undoubtedly be helpful

* Table of Decisions without published opinion.

to a criminal defendant, the failure to do so does not amount to a constitutional violation. *Patler v. Slayton*, 503 F.2d 472, 479–80 (4th Cir. 1974); *United States v. Brown*, 409 F.2d 77 (4th Cir. 1969).

An appropriate order will issue.

### ORDER

In accordance with the Memorandum of the Court this day filed and deeming it just and proper so to do, it is ADJUDGED AND ORDERED that the application for a writ of habeas corpus is denied and the petition is dismissed.

The Clerk is directed to return the state records after 30 days if no notice of appeal or application for a certificate of probable cause to appeal is filed within that time. If such a notice or application is filed within that time, the Clerk is directed to retain the state records pending further order of this Court.

Let the Clerk send copies of this Order and the accompanying Memorandum to all counsel of record.